UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x

GENO L. WARE,

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-5868-FB

*Appearances:*

*For the Plaintiff*:
CHARLES BINDER, ESQ.
485 Madison Avenue
New York, New York 10022

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Geno Ware seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. Both parties move for judgment on the pleadings. Ware requests a remand for further proceedings and the Commissioner seeks dismissal of this action. For the following reasons, Ware's motion is granted, the Commissioner's motion is denied.

## I

Ware filed an application for benefits on July 17, 2014. He alleged that he became disabled on October 31, 2005. His application was denied, and he requested a hearing before an ALJ. After two hearings at which Ware appeared *pro se*, ALJ

Laureen Penn ruled that Ware was not disabled. ALJ Penn assigned an RFC of: "a full range of work at all exertional levels but with the following nonexertional limitations: he can do simple, routine, repetitive work and he can have occasional interaction with supervisors, coworkers, and the public, but he cannot provide direct customer service."  The Appeals Council declined review and this action followed.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### A. Development of the Record

ALJ Penn determined that Ware was not disabled without considering a treating physician's opinion. However, the Second Circuit recently held that a "treatment provider's perspective would seem [] more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

While ALJ Penn had a "heightened" duty to develop the record as Ware proceeded *pro se*, *Morgan v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009), she made her decision, without a doctor's opinion, by interpreting Ware's medical records on her own.  *See Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 259 (W.D.N.Y. 2018) ("[T]he ALJ may not interpret raw medical data in functional terms").

Notably, Ware's medical records fail to address the impact of Ware's mental impairments on his ability to work. *See Hooper v. Colvin*, 199 F.Supp.3d 796, 815 (S.D.N.Y. 2016) (Remand required where ALJ made a "disability determination based on a record devoid of any truly complete medical opinion*"); see also Deshotel v. Berryhill,* 313 F.Supp.3d 432, 435 (W.D.N.Y. 2018) ("[L]eeway given to ALJs to make common sense judgments does not necessarily extend to the assessment of mental limitations, which are by their very nature highly complex and individualized") (internal quotations omitted).

Accordingly, remand is necessary to obtain a treating physician opinion.

### III

For the foregoing reasons, Ware's motion is GRANTED, Commissioner's motion is DENIED.

**SO ORDERED.**

      /S/ Frederic Block     
      FREDERIC BLOCK
      Senior United States District Judge

Brooklyn, New York
June 30, 2020